

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00219-CV

**ADRIAN BAKER AND CHARLES BAKER**
**ON BEHALF OF THE JAMES BAKER ESTATE,**

                                                                        **Appellants**

 **v.**

**LIMESTONE COUNTY, TEXAS,**

                                                                        **Appellee**

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court No. 6023-A**

## ABATEMENT ORDER

This case commenced in the trial court with the filing of a tax suit by Limestone County against the Estate of James Baker for delinquent taxes corresponding with 18.27 acres of land. Charlie Baker, acting on behalf of the estate, filed an answer and general denial. Later, Charlie and his son, Adrian Baker, filed, on behalf of the estate, an "Amended Answer and Counter & Cross-Petition" against George H. Gardner and Javier Candanoza, asserting counterclaims and third-party claims that the tax suit was not

based upon an identifiable 18.27-acre tract of land owned by the estate and alleging that a judgment signed in 1987 in a previous case should be declared void.[1]  Both Gardner and Javier Candanoza filed answers to the Bakers' counterclaims and third-party claims.

After realizing that the Bakers' 18.27-acre tract had been "double assessed," Limestone County removed the account from the tax roll due and filed a motion for nonsuit.  Shortly thereafter, the Bakers filed a motion for severance, asserting that "a review of the [1987] judgment reveals that the judgment could not stand . . . and said judgment[] was void as a matter of law" and requesting that their counterclaims be severed from the tax suit.  The record does not reflect that the trial court ruled on the Bakers' motion for severance.

Later, the Bakers filed a motion for summary judgment seeking "to determine and have declared" the 1987 judgment "void as a matter of law" and asserting a claim that they adversely possessed 56.07 acres of land adjudged the property of Gardner.  Gardner filed an amended answer, asserting the affirmative defense of res judicata as to the collateral attack on the 1987 judgment, as well as statute of limitations, estoppel, and

---

[1] In the trial court, the Bakers sought to ascertain the location of the 18.27-acre tract that was the subject of the tax suit.  Because the land records and the tax office did not identify the 18.27-tract of land, the Bakers believed that the property could be a part of a 26.73-acre tract of land obtained by the Bakers in or around 1925.  The Bakers also surmised that the 18.27-acre tract of land could also have been part of an 85.913-acre tract of land that was the subject of a 1987 judgment.  In the 1987 case, the trial court concluded that: (1) Wiley and Charlie Baker, individually and on behalf of the Baker family, did not adversely possess the 85.913-acre tract of land; and (2) title to the 85.913-acre tract of land should be awarded to George H. Gardner.

laches affirmative defenses and a counterclaim against the Bakers for violating an injunction issued in 1991 that prohibited the Bakers from, among other things, interfering with the use and enjoyment of the 85.913-acre tract of land awarded to Gardner in 1987. Gardner also filed a motion for summary judgment, arguing that the Bakers' claims were impermissible collateral attacks upon the 1987 and 1991 judgments and were barred by res judicata.

The Bakers then filed a "Second Amended Answer and Counter & Cross-Petition," adding Maria J. Candanoza, First National Bank of Groesbeck, Texas (in its capacity as lienholder), and Carl B. Sadler III, Trustee, as "cross-defendant[s]" regarding the Bakers' claims collaterally attacking the 1987 judgment. Maria Candanoza filed an answer asserting the affirmative defense of res judicata and a motion for summary judgment, on both traditional and no-evidence grounds, alleging that the Bakers' collateral attacks of the 1987 judgment are barred by res judicata. The Bank also filed an answer in this case. The record does not indicate that Sadler filed an answer.

The trial court granted Limestone County's motion for nonsuit, thereby dismissing the tax claims brought by the county against the estate. The trial court also signed orders granting summary judgment in favor of Maria Candanoza and Gardner and denying the Bakers' summary-judgment motion. The record does not include a final judgment addressing the Bakers' claims against First National Bank of Groesbeck, Texas, Javier Candanoza, or Sadler.

In *Lehmann v. Har-Con Corporation*, the Texas Supreme Court noted the following:

> From the cases we have reviewed here, we conclude that when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim, nor does an order adjudicating claims like the latter dispose of the plaintiff's claims. An order that disposes of claims by only one of multiple plaintiffs or against one of multiple defendants does not adjudicate claims by or against other parties. An order does not dispose of all claims and all parties merely because it is entitled "final," or because the word "final" appears elsewhere in the order, or even because it awards costs. Nor does an order completely dispose of a case merely because it states that it is appealable, since even interlocutory orders may sometimes be appealable. Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case.

39 S.W.3d 191, 205 (Tex. 2001).

As noted above, the trial court has not resolved the Bakers' claims against First National Bank of Groesbeck, Texas, Javier Candanoza, or Sadler. The record only contains summary-judgment orders as to Maria J. Candanoza and Gardner. Accordingly, it appears that the summary-judgment orders in favor of Maria J. Candanoza and Gardner are the functional equivalent of a partial summary judgment that does not dispose of all pending claims and parties in this case. *See Loy v. Harter*, 128 S.W.3d 397, 409 (Tex. App—Texarkana 2004, pet. denied) ("When a court renders a summary judgment that only disposes of part of a case, it is by definition a partial summary judgment. A partial summary judgment is not final, and does not become final, until it is merged into the final judgment in the case." (internal citations omitted)). Therefore,

because the record does not contain a final judgment disposing of the Bakers' remaining claims against Javier Candanoza, First National Bank of Groesbeck, Texas, and Sadler, it appears that we lack jurisdiction over this appeal. *See id*.; *Lehmann*, 39 S.W.3d at 205; *see also Macon v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-10-00150-CV, 2012 Tex. App. LEXIS 4207, at **2-3 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.) ("Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment.").

By letter dated July 30, 2020, this Court requested that the Bakers file a response, within twenty-one days of July 30, 2020, showing grounds for continuing this appeal. The Bakers filed a response and requested additional time to secure final rulings as to all necessary parties.[2] While the Bakers' motion was pending in this Court, we received a joint motion for temporary abatement of this appeal. In this motion, the parties request a period of sixty days "to allow the parties to achieve entry of final orders in the trial court to resolve the appellate jurisdiction issue raised by the Court of Appeals, and allow the supplementation of the Clerk's Record of this current appeal once such orders are issued and entered in the trial court."

After review, we grant the parties' joint motion. Accordingly, this appeal is hereby abated for sixty days.

---

[2] Because we are abating this appeal and ostensibly granting similar relief to that requested by the Bakers in their motion for extension of time, we dismiss the Bakers' motion for extension of time to obtain final judgment and continue this appeal as moot.

The trial court clerk is instructed to file in this Court a Supplemental Clerk's Record containing any subsequent orders within fourteen days after this abatement period expires. This appeal will be reinstated automatically upon the filing of the Supplemental Clerk's Record.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Appeal abated
Order issued and filed August 19, 2020
[CV06]

